UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VAZQUEZ MEDRANO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06486-DAD-AC<br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br>(Doc. Nos. 1, 2, 3, 4) |

On August 14, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for appointment of counsel (Doc. No. 3), and a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration detention. (Doc. No. 4.)

On August 17, 2026, the court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in

support of their position in this regard in its opposition. (*Id.*) Respondent filed its opposition on August 18, 2026, in which it states there are material differences between this case and the cases cited by the court in its August 17, 2026 order because petitioner is under a final order of removal issued in 1995. (Doc. No. 8 at 1.) Respondents also do not state any objection to the court ruling on the habeas petition at this time as outlined in the court's August 17, 2026 order and the court will do so.

Based on the submissions of the parties, the facts of this case are these. Petitioner is a Cuban national who entered the United States in 1985 when he was 14 years old. (Doc. No. 1 at 5; Doc. No. 8-1 at 1.) In May 1995, he was ordered removed but remained in this country under an order of supervision. (Doc. No. 8 at 1.) He has been detained by immigration authorities since June 2026 to effectuate his removal from the United States. (Doc. No. 1 at 5.) Among the claims asserted in the pending petition, petitioner contends that respondent has failed to follow its own regulations in connection with his current detention in immigration custody. (Doc. No. 1 at 6.)

Petitioner is subject to a final order of removal such that 8 U.S.C. § 1231 governs his detention. Under this statute, a noncitizen is subject to an initial 90-day removal period during which detention is mandatory. *See* 8 U.S.C. § 1231(a). After the 90-day removal period expires, ICE has discretion to continue detaining the noncitizen or to release pending removal. *See* 8 U.S.C. § 1231(a)(6). Petitioner was detained by immigration authorities in June 2026 related to the 1995 removal order (Doc. No. 1 at 5), after an immigration detainer and warrant for his arrest was issued by immigration officials in May 2026 when petitioner was in Florida. (Doc. Nos. 8-2; 8-4.) Nonetheless, as respondent indicates, petitioner had previously been released on an order of supervision by immigration authorities. (Doc. No. 8-3.)

Importantly for purposes of this analysis, the record does not indicate that immigration officials complied with their own regulations in revoking petitioner's release on supervision. Two United States Department of Homeland Security ("DHS") regulations, 8 C.F.R §§ 241.4(l) and 241.13(i), govern how and when the agency may revoke release on an order of supervision and detain a noncitizen such as petitioner. *See Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-

SCR, 2025 WL 3458787, at *3-4 (E.D. Cal. Dec. 2, 2025) (explaining how and when DHS may revoke release on an order of supervision). Both regulations require that the noncitizen be notified of the reasons for the revocation of his release and be promptly afforded an informal interview to respond to the reasons for revocation. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3).

The record before the court does not establish that petitioner was notified of the reasons for his order of supervision revocation, nor does the record show that he was afforded an informal interview to respond to the reasons for the revocation of release on supervision.[1] Indeed, the only indication regarding an interview with petitioner is from an I-213 form dated May 5, 2026, when immigration officials indicated that an interview was "pending." (Doc. No. 8-1 at 6.) Further, while respondent includes a "warrant to arrest" as an exhibit, and it indicates that it was served on petitioner on June 27, 2026, that document provides no reason or basis for petitioner's detention at that time other than stating that petitioner "lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (Doc. No. 8-4 at 1-2.) Nonetheless, the warrant does not state the *reasons* for the change in circumstances providing a basis for why petitioner is now detained given his prior release on order of supervision.

Accordingly, the court concludes that petitioner is entitled to relief with respect to respondent's violation of his right to due process due to the lack of any indication that respondent followed its own regulations in subjection petitioner to immigration detention in June 2026. *See, e.g., Phan v. Beccerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025) (finding the petitioner likely to succeed on claim where detention was unlawful when release was not properly revoked pursuant to § 241.13). The proper remedy given these circumstances is to order petitioner's release from custody. *See Phan*, 2025 WL 1993735, at *6.

For the reasons stated above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner application for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is GRANTED as follows;

---

[1] The documents provided by respondent indicate that petitioner came into immigration custody after he was arrested by local Florida law enforcement.

a. Respondent is ordered to immediately RELEASE petitioner, William Vazquez Medrano, A-File No. 026-067-275, under the previously imposed conditions of supervision in place at the time of his current immigration detention in or around June, 2026;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements for revocation of release under 8 C.F.R. §§ 241.13(i) and 241.4(l), and any other applicable statutory and regulatory procedures;

3. Petitioner's motion for appointment of counsel (Doc. No. 3) and motion for a temporary restraining order (Doc. No. 4) are DENIED as moot considering this order granting petitioner habeas relief.

4. The Clerk of the Court is directed to serve a copy of this order on warden the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **August 25, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE